IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDY SPREHE, # A-96174,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-997-GPM |
| ) | |
| **DONALD GAETZ, SGT. McGUIRE,** ) | |
| **SGT. McELYEA, C/O SWALLERS,** ) | |
| **C/O FLATT, C/O BELFORD,** ) | |
| **STACY BROWN, K. DEEN,** ) | |
| **SARAH JOHNSON, and S.A. GODINEZ,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving an 80-year sentence for murder.

Plaintiff claims that on four occasions in April 2012, Defendants McGuire, McElyea, Swallers, Flatt, and Belford subjected him to humiliating strip searches (Doc. 1, p. 9; Doc. 1-1, pp. 2, 4-5). Plaintiff, who had been assigned to dietary work, was taken to the gym along with 19 other inmate dietary workers who were on a "deadlock" work crew.[1] All inmates in the group were ordered to strip naked in front of each other and were searched together, in full view of each other and of the security cameras. Each inmate was ordered to bend over and spread his buttocks, then lift his genitals, and then to lift his upper and lower lips after touching his genitals. Plaintiff was taunted by the Defendants while they conducted the search. One of the workers

---

[1] The prison was on lockdown at the time (Doc. 1-1, p. 18).

being searched next to Plaintiff was an open homosexual. Plaintiff inquired about the cameras and privacy, but was told if he did not comply, he would be put in segregation for disobeying a direct order.

According to Plaintiff's grievances, after the initial strip search on April 18, 2012, the next three strip searches on April 20, 21, and 22, were conducted with partitions being placed between the inmates (Doc. 1-1, pp. 3, 5). However, inmates were still in full view of the security cameras. On the following day (April 23), Plaintiff heard the officers laughing and joking about how they had been ordered to change the manner in which the strip searches were done (Doc. 1-1, pp. 4-5). Those new procedures (which Plaintiff does not describe) were followed starting on April 23, 2012. *Id*.

Plaintiff filed two grievances over the searches, which were denied by Defendants Brown (counselor), Deen (grievance officer), Gaetz (Pinckneyville Warden), Johnson (Administrative Review Board), and Godinez (Director of the Illinois Department of Corrections) (Doc. 1-1, pp. 1, 3, 5-6). He seeks compensatory damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim for having been subjected to unreasonable and demeaning strip searches, against Defendants McGuire, McElyea, Swallers, Flatt, and Belford, that shall receive further review. *See Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (inmate stated claim where he was strip searched along with a group of inmates, whose bodies were

gratuitously exposed to one another, while guards uttered demeaning comments); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment).

However, the remaining Defendants shall be dismissed. Plaintiff does not allege that Defendants Gaetz, Brown, Deen, Johnson, or Godinez were present or in any way personally involved in the strip searches. In the complaint, he mentions only that he filed grievances which were denied by Defendants Brown, Deen, and Johnson (Doc. 1, p. 8). His exhibits bear the signatures of Defendants Gaetz and Godinez, demonstrating that they concurred in the denial of Plaintiff's grievances (Doc. 1-1, pp. 5-6). Therefore, the pleading indicates that the only role these Defendants had in the matter was to review Plaintiff's complaints about the conduct of the strip searches by other officers.

The rejection or even the improper handling of inmate grievance complaints will not give rise to a constitutional claim. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Further, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Even though Defendants Gaetz and Godinez had supervisory authority over the officers who conducted the searches, this does not make them liable for those officers' alleged misconduct.

To summarize, Plaintiff's complaint does not indicate that Defendants Brown, Deen,

Johnson, Gaetz or Godinez were "personally responsible for the deprivation of a constitutional right." *Id.* Plaintiff thus fails to state a constitutional claim against them, and these Defendants shall be dismissed from this action.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

Defendants **GAETZ, BROWN, DEEN, JOHNSON,** and **GODINEZ** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **McGUIRE, McELYEA, SWALLERS, FLATT,** and **BELFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge